IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**KENNETH N. BUSSIE,**
    **Plaintiff,**                                Civil Action No. 7:10-cv-00137

v.                                                       By:    Hon. Michael F. Urbanski
                                                                      United States Magistrate Judge

**F.G. AYLOR, et al.,**
    **Defendant(s).**                                 **O R D E R**

    Plaintiff has filed a civil rights action pursuant to 42 U.S.C. §1983 with jurisdiction vested pursuant to 28 U.S.C. §1343.  As plaintiff has not prepaid the filing fee, the court shall consider plaintiff's eligibility to proceed in forma pauperis.  Inasmuch as the complaint and attachments do not conform to all requirements for in forma pauperis prisoner civil rights actions as promulgated under 28 U.S.C. §1915(a), as amended, it is now

**O R D E R E D**

as follows:

(1)     The complaint shall be conditionally filed pending satisfaction of the requirements set forth herein;

(2)     The plaintiff shall be assessed a filing fee of $350.00 pursuant to 28 U.S.C. §1915(b);

(3)     Plaintiff is hereby **GRANTED** the opportunity to proceed in forma pauperis to the extent that the court shall not require plaintiff to prepay the $350.00 filing fee at this time.  In order for the court to determine whether plaintiff shall be allowed to pay the fee in installments, pursuant to the requirements of 28 U.S.C. §1915(a)(2), and to determine the schedule for payment of the filing fee, plaintiff shall submit a certified copy of his trust fund account statement for the six month period immediately preceding the filing of the complaint, obtained from the appropriate prison official of each prison at which the prisoner is or was

      confined. See enclosed account report form. FAILURE OF THE PLAINTIFF TO SUBMIT THE REQUESTED INFORMATION WITHIN FIFTEEN (15) DAYS SHALL RESULT IN DISMISSAL OF THIS ACTION WITHOUT PREJUDICE;

(4) Pursuant to 42 U.S.C. §1997e(a), as amended, the court shall not file this case until the plaintiff has exhausted such administrative remedies as are available at the jail, prison, or other correctional facility at which plaintiff is confined. Accordingly, plaintiff must (a) execute and submit the enclosed verification form and (b) submit accompanying documentation demonstrating that plaintiff has either exhausted the available remedies **as to each of the claims raised in the complaint**, or plaintiff must document that such remedies do not exist at the present place of confinement or are not available to plaintiff at the present time. FAILURE OF THE PLAINTIFF TO SUBMIT THE REQUESTED DOCUMENTATION WITHIN FIFTEEN (15) DAYS SHALL RESULT IN DISMISSAL OF PART OR ALL OF THIS ACTION WITHOUT PREJUDICE. If plaintiff has not completed exhaustion of all administrative remedies available, plaintiff may request voluntary dismissal, or wait for automatic dismissal at the end of fifteen (15) days. Plaintiff may then refile the case if exhaustion is not successful.

(5) Plaintiff is advised that plaintiff has failed to allege facts in the complaint stating a claim under §1983 against anyone. To state a cause of action under §1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Except for F.G. Aylor, plaintiff cannot maintain his action the current defendants because none of the other named defendants are a "person" subject to suit under 42 U.S.C. §1983. See McCoy v.

Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992). As plaintiff has not stated a claim upon which relief may be granted, his action would ordinarily be dismissed. However, inasmuch as he is acting pro se, the court shall grant him fifteen days in which to amend his complaint to correct these deficiencies. In his motion to amend, he should name individual(s) as defendant(s), alleging facts concerning conduct undertaken by each defendant, personally, in violation of plaintiff's rights. Plaintiff should also amend to particularize the facts of his claim. The court requires plaintiff's proposed amended complaint to conform to Federal Rules of Civil Procedure 8[1] and 10[2], which require "a short and plain statement of the claim showing that the pleader is entitled to relief" to be set out in numbered paragraphs, each limited to a single set of circumstances. The court will review the proposed amended complaint upon its filing to determine whether the court shall accept

---

[1] Rule 8 states in pertinent part:
(a) Claim for Relief. A pleading that states a claim for relief must contain:
    (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
    (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
    (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
\* \* \*
(d) Pleading to Be Concise and Direct; Alternative Statements; Inconsistency.
    (1) In General. Each allegation must be simple, concise, and direct. No technical form is required.
    (2) Alternative Statements of a Claim or Defense. A party may set out two or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient.
    (3) Inconsistent Claims or Defenses. A party may state as many separate claims or defenses as it has, regardless of consistency.

[2] Rule 10 states:
(a) Caption; Names of Parties. Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

(b) Paragraphs; Separate Statements. A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

(c) Adoption by Reference; Exhibits. A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.

it under Rule 15 of the Federal Rules of Civil Procedure.  FAILURE TO AMEND THE COMPLAINT WITHIN FIFTEEN (15) DAYS FROM THE DATE OF THIS ORDER, TO CORRECT THE NOTED DEFICIENCIES, SHALL RESULT IN DISMISSAL OF THE COMPLAINT FOR FAILURE TO STATE A CLAIM.

(6) Plaintiff is advised that under federal law, a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury.  See 28 U.S.C. §1915(g).  Plaintiff is advised that if plaintiff has had prior cases dismissed for any of the above-stated reasons, these prior dismissals may limit plaintiff's ability to file new cases without full prepayment of the filing fee.  If plaintiff has any other actions currently pending before the Court, plaintiff is advised that if any such case is dismissed for the reasons stated above, it will also be deemed as one of the three dismissals.  If plaintiff believes that this case, or any other pending case, may be dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, plaintiff may file a motion for voluntary dismissal of such case(s) pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

(7) Plaintiff shall notify the Court immediately upon plaintiff's transfer or release and shall provide a new address.  FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THIS CASE.

(8) Parties are advised that pursuant to Standing Order of Court entered May 26, 2006, all nondispositive matters in this case will be referred to the Hon. Michael F. Urbanski, United States Magistrate Judge.  (See Appendix.)

(9) Plaintiff must include the above referenced case number in any document that plaintiff submits to the Court related to this action.  Plaintiff's submissions must be legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the page.  In any document plaintiff submits to the Court, pursuant to Standing Order dated November 1, 2004, plaintiff must omit, black out, or abbreviate personal data identifiers as follows: social security numbers (use only the last four digits), names of minor children (use initials), dates of birth (list only the birth year), financial account numbers (list only the last four digits), and home addresses (list only city and state).  Submissions that do not comply with this paragraph may be returned to plaintiff without being entered by the Court.

For reasons stated above, this complaint will be conditionally filed and will be maintained on the active docket to give the plaintiff the opportunity to correct deficiencies noted herein.

The Clerk is directed to send a copy of this order to the plaintiff.

Enter this 29th day of March, 2010.

*/s/ Michael F. Urbanski*
United States Magistrate Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**

| | | |
|---|---|---|
| IN RE:  FILING AND PROCESSING | ) | |
| PRO SE PRISONER CIVIL RIGHTS | ) | |
| AND TORT CLAIMS CASES AND | ) | STANDING ORDER |
| PETITIONS  FOR WRITS OF | ) | OF REFERENCE |
| HABEAS CORPUS | ) | |
| | ) | |

  In furtherance of a centralized system for processing pro se prisoner civil rights and tort claim cases and petitions for writs of habeas corpus, it is **ORDERED** that all such cases be referred to United States Magistrate Judge Michael F. Urbanski for purposes of consideration and ruling as to any and all nondispositive, pretrial matters and motions as may arise.  This order is entered under the authority of 28 U.S.C. § 636(b)(1)(A), and the provisions set forth thereunder shall govern the magistrate judge's conduct and scope of authority.

  For purposes of the Order, the terms civil rights and tort claims cases and petitions for writs of habeas corpus shall be deemed to include the following:

  a. civil rights cases pursuant to 42 U.S.C.A. § 1983;
  b. civil rights cases pursuant to 28 U.S.C.A. § 1331 (*Bivens* actions);
  c. Federal Tort Claims Act cases pursuant to 28 U.S.C. §§ 2671-80;
  d. habeas corpus petitions pursuant to 28 U.S.C. § 2241 (federal habeas);
  e. habeas corpus petitions pursuant to 28 U.S.C. § 2254 (state habeas);
  f. habeas corpus petitions pursuant to 28 U.S.C. § 2255 (federal habeas).

This Order supercedes all prior orders of reference in such cases entered by this court.

         ENTER: May 26, 2006


         /s/ James P. Jones
         Chief United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**KENNETH N. BUSSIE**

v.                                                     Civil Action No. 7:10-cv-00137

**F.G. AYLOR, et al.**

INMATE ACCOUNT REPORT
Kenneth N. Bussie, #200902875

**DATE OF INQUIRY**                                                                     _____

Balance at time of inquiry                                                                  _____

Current rate of pay                                                                              _____

Total Deposits for six months prior to March 2010          Month              Amount

                                                                                          _____        _____

                                                                                          _____        _____

                                                                                          _____        _____

                                                                                          _____        _____

                                                                                          _____        _____

                                                                                          _____        _____

**AVERAGE MONTHLY DEPOSITS**                                           _____

Account Balance on Last Day of Month                              Month              Amount
for six months prior

                                                                                          _____        _____

                                                                                          _____        _____

                                                                                          _____        _____

                                                                                          _____        _____

                                                                                          _____        _____

                                                                                          _____        _____

**AVERAGE MONTHLY BALANCE**                                           _____

(*To be completed and signed by trust account officer*)
I have attached certified copies of the inmate's ledger cards, and maintain said records in the regular and ordinary course of business.


**DATED:**_____**SIGNATURE:**_____**TITLE:**_____

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

**KENNETH N. BUSSIE,**
    Plaintiff,                                  Civil Action No. 7:10-cv-00137

v.

**F.G. AYLOR, et al.,**
    Defendant(s).                            **VERIFIED STATEMENT**

      I have been advised of the requirements regarding exhaustion of administrative remedies as outlined in 42 U.S.C. 1997e and now submit this verified statement.

(Choose only one):

_____ Prior to filing my § 1983 petition, I exhausted my administrative remedies as to each of the claims raised in my complaint by appealing my claims to the highest available level of the administrative remedies procedures. ***Copies of the record of the proceedings are attached to this statement.***

_____ Prior to filing my § 1983 petition, I attempted to exhaust my administrative remedies but my grievance was rejected as untimely. I have appealed that determination to the highest level available before filing my § 1983 petition. ***I have attached documentation verifying my attempts to exhaust administrative remedies.***

_____ There are no administrative remedies available to me at this time, either because the issue I raise is nongrievable, or because there is no grievance procedure at the correctional facility at which I am confined. I have attached documentation verifying my attempts to exhaust administrative remedies.

_____ This cause of action arose at _____, and I am now being housed at another facility, _____. Therefore, I do not believe I have administrative remedies available at this time.*

      I affirm that I am the plaintiff in this action and I know the content of the above statement; that it is true of my own knowledge, except as to those matters that are stated in it to be based on my own information and belief; and to those matters, I also believe them to be true. I declare under penalty of perjury that the foregoing is true and correct.

_____                                          _____
DATE                                                            SIGNATURE OF AFFIANT

---

*An inmate who has been transferred from one V.D.O.C. facility to another V.D.O.C. facility may file grievances where the cause of action arose.

***All prisoners are required to pay a full filing fee of $350.00.  Prisoners seeking to proceed in forma pauperis (without the prepayment of fees) are now required to submit with their complaints, a certified copy of their trust fund account statement for the prior six month period. 28 USC §1915 as amended.***

_____
(Petitioner/Plaintiff)

STATEMENT OF ASSETS

vs.

_____
(Respondent/Defendant)

I, _____, declare that I am the petitioner in the above-styled proceeding; that in support of my request to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding, or give security therefor; that I believe I am entitled to relief.

In support of my in forma pauperis application, I answer the following questions:

1. Are you presently employed?   _____Yes   _____No

   If yes, what is your monthly income? _____

   If no, state the date of your last employment._____

2. Have you received any money in the last twelve months from the following sources?
   Business, Profession, Self-Employment:   _____Yes   _____No
   Rent Payments, Interest or Dividends:    _____Yes   _____No
   Pensions, Annuities or Life Insurance:   _____Yes   _____No
   Gifts or Inheritances:                   _____Yes   _____No
   Any Other Sources:                       _____Yes   _____No

   If the answer to any of the above is Yes, please state the source and amount of each received during the past year.

3. Do you own any cash, or have any money on hand - Include any funds held in Prison Accounts.

   _____Yes   _____No   If Yes, State the Value   _____

4. Do you own any real estate, stocks, bond, notes, automobiles or other valuable property - (excluding clothing and ordinary household furnishings)?

   _____Yes   _____No   If Yes, State the Value   _____

5. List the persons who are dependant upon you for support.  State your relationship to same and indicate how much you contribute toward their support.

**I declare under penalty of perjury that the foregoing is true and correct and have attached a certified copy of my inmate trust fund account statement for the last six months in support of this request to proceed without the payment of fees.**

**DATED:_____         SIGNED:_____**